IN THE SUPREME COURT OF THE STATE OF DELAWARE

KEVANN D. McCASLINE, §
§ No. 544, 2016
   Defendant Below, §
   Appellant, § Court Below—Superior Court of the
§ State of Delaware
   v. §
§ Cr. ID No. 1508007463 (N)
STATE OF DELAWARE, §
§
   Plaintiff Below, §
   Appellee. §

Submitted: May 10, 2017
Decided: July 20, 2017

Before **STRINE**, Chief Justice; **VALIHURA** and **SEITZ**, Justices.

**O R D E R**

This 20th day of July 2017, having considered the no-merit brief and motion to withdraw filed by the appellant's counsel, and the response filed by the State, it appears to the Court that:

(1)    On March 11, 2016, a Superior Court jury found the appellant, Kevann D. McCasline, guilty of Disregarding a Police Officer's Signal, Resisting Arrest, Possession of Drug Paraphernalia, and Unlawful Use of Sound Device.[1]  During the

---

[1] McCasline was charged with playing "loud music/noise which is audible from a distance of 50 feet or more from a motor vehicle" in violation of 21 *Del. C.* § 4306(c).  The title of the statute is "Horns and Other Sound Devices; Unlawful Use." *Id.*  We therefore use the term Unlawful Use of Sound Device as shorthand for this.

prayer conference with counsel on March 10, the Superior Court dismissed a charge of Reckless Driving.[2]

(2) On October 14, 2016, after a presentence investigation, the Superior Court sentenced McCasline to two years at Level V suspended after six months for one year of probation for Disregarding a Police Officer's Signal, and to one year at Level V suspended for one year of probation for Resisting Arrest. For Possession of Drug Paraphernalia and Unlawful Use of Sound Device, the Superior Court imposed fines of $100 for each.

(3) On appeal, McCasline's appellate counsel has filed a brief and a motion to withdraw under Supreme Court Rule 26(c). Counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues. Counsel represents that he provided McCasline with a copy of the motion to withdraw and the accompanying brief and informed McCasline of his right to identify any points he wished this Court to consider on appeal. McCasline has not submitted any points for the Court's consideration.

---

[2] *See* Trial Tr. at 140 (Mar. 10, 2016) (THE COURT: "I am going to throw [Reckless Driving] out. There is no evidence that he drove on a public roadway in willful or wanton disregard for the safety of persons.")

(4) In response to the Rule 26(c) brief, the State has identified an instance of plain error in the record that should be corrected. Otherwise, the State has moved to affirm the Superior Court's judgment.

(5) As noted by the State, the record reflects that, at McCasline's sentencing (and in the sentence order), in addition to the $100 fines that were imposed for Possession of Drug Paraphernalia and Unlawful Use of Sound Device, the Superior Court imposed a $100 fine for Reckless Driving.[3] Because Reckless Driving was dismissed at the March 10 prayer conference, the State notes that the Superior Court erred when imposing a sentence for that charge.

(6) When reviewing a motion to withdraw and an accompanying brief under Rule 26(c), this Court must be satisfied that the appellant's counsel has made a conscientious examination of the record and the law for arguable claims.[4] Also, the Court must conduct its own review of the record and determine whether "the appeal is indeed so frivolous that it may be decided without an adversary presentation."[5] The Court has done so and, except for the imposition of a sentence

---

[3] Sentencing Tr. at 17 (Oct. 14, 2016). *See* Docket at 19, *State v. McCasline*, Del. Super., Cr. ID No. 1508007463 (Oct. 19, 2016) (sentence order filed).
[4] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S. 738, 744 (1967).
[5] *Penson v. Ohio*, 488 U.S. at 82.

for the dismissed Reckless Driving charge, McCasline's appeal is wholly without merit and devoid of any arguably appealable issue.

(7) The Court agrees with the State that the Superior Court erred when sentencing McCasline on the charge of Reckless Driving.[6] Furthermore, in addition to the sentencing error, the Superior Court docket and related documents reflect, in error, that McCasline was *convicted* of Reckless Driving.[7]

NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED as to McCasline's convictions and sentence for Disregarding a Police Officer's Signal, Resisting Arrest, Possession of Drug Paraphernalia, and Unlawful Use of Sound Device. The motion to withdraw is moot. This matter is REMANDED to the Superior Court with instructions to VACATE the conviction and sentence imposed for Reckless Driving and to take whatever action is necessary to correct the court's records.[8] Jurisdiction is not retained.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice

---

[6] *Supra* note 1.

[7] *See* Docket at 13, *State v. McCasline*, Cr. ID No. 1508007463 (Mar. 11, 2016) (abstract of jury trial).

[8] *See* 11 *Del. C.* § 4501 (governing formal defects and clerical errors). *Dickerson v. State*, 2011 WL 4985553 (Del. Oct. 19, 2011) (remanding for correction of sentence but otherwise affirming under Rule 26(c)).